*This case was not selected for publication in the Federal Reporter*

**BRAZOS ELECTRIC POWER COOPERATIVE, INC.,**
Petitioner

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

**Enron Corp. and Enron North America Corp., Intervenors.**

No. 05–1286.

United States Court of Appeals, District of Columbia Circuit.

Nov. 22, 2006.

Ben Finkelstein, Daniel Ira Davidson, Robert Allen Jablon, Peter J. Hopkins, Spiegel & McDiarmid, Washington, DC, David S. Gamble, Alicia Bennett Kimmel, Beirne, Maynard & Parsons LLP, Houston, TX, for Petitioner.

Robert Harris Solomon, John Stewart Moot, Carol Jayne Banta, Federal Energy Regulatory Commission, Washington, DC, for Respondent.

Jon Robert Mostel, Charles A. Moore, Leboeuf, Lamb, Greene & Macrae, New York, NY, for Intervenors.

Before: HENDERSON, TATEL and GRIFFITH, Circuit Judges.

## JUDGMENT

This case was considered on the record from the Federal Energy Regulatory Commission (FERC) and on the briefs of the parties pursuant to D.C. CIR. Rule 34(j). It is

ORDERED AND ADJUDGED that the petition is dismissed. Petitioner Brazos Electric Power (Brazos) lacks standing under Article III of the United States Constitution. Brazos fears that a Texas state court may apply the doctrine of collateral estoppel against it on the basis of FERC's decision below. We need not decide whether an interest in preventing collateral estoppel constitutes an injury for standing purposes because it is beyond doubt that the doctrine would not apply in this case. FERC's determination that, by virtue of the Public Utility Holding Company Act's safe harbor provision, Enron was not an "electric utility" for the purposes of the Public Utility Regulatory Policy Act is by no means identical to the question facing the Texas court: whether Enron ought to count as an "electric utility" for the purposes of a contract signed nearly a decade earlier. Moreover, we think it extremely doubtful that the Texas court will give FERC's decision precedential effect. But even if it did, our cases are clear that "mere precedential effect of [an] agency's rationale in later adjudications" does not establish standing. *Radiofone, Inc. v. FCC,* 759 F.2d 936, 939 (D.C.Cir.1985) (separate opinion of Scalia, J.). *See Am. Family Life Assurance Co. v. FCC,* 129 F.3d 625, 629 (D.C.Cir.1997); *Shell Oil Co. v. FERC,* 47 F.3d 1186, 1201–02 (D.C.Cir. 1995); *Shipbuilders Council of Am. v. United States,* 868 F.2d 452, 456 (D.C.Cir. 1989). Further, in *American Family Life,* we held that the rationale of *Radiofone* applies *a fortiori* with respect to the effect of agency decisions on future state court litigation, where such decisions are unlikely to carry the force of precedent. *Am. Family Life,* 129 F.3d at 629.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for re-hearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. Rule 41.